UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VALERIE MESCIA-DONNELLY<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. CAMP, JR., JAMES D. CAMP, III, LAWRENCE SAUL BLUMBERG, NICHOLAS A. MESCIA, III,<br><br>Defendants. | Case No. 2:22-cv-00178-RFB-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION**<br><br>RE:  ECF No. 1-2 |

Pending before the Court is Plaintiff Mescia-Donnelly's application to proceed *in forma pauperis* and Complaint. ECF Nos. 1, 1-2.

**I.**     ***In Forma Pauperis* Application**

Plaintiff submitted the declaration and information required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Therefore, Plaintiff's *in forma pauperis* application is granted.

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

When considering whether a complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.   DISCUSSION

In her Complaint, Plaintiff states she is a citizen of South Carolina and that the Defendants are citizens of Florida, New York, and Massachusetts. ECF No. 1-2 at 1-2. While on its face this establishes diversity of citizenship of the parties under 28 U.S.C. § 1332, Plaintiff fails to demonstrate personal jurisdiction over any party to this suit. Personal jurisdiction is established when: "(1) provided for by law; and (2) the exercise of jurisdiction comports with due process." *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016) *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state." *Id. citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a state, such as Nevada, has a "long-arm" statute providing state "courts jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment, a court need only address federal due process standards." *Id. citing Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 134 P.3d 710, 712 (2006) (citing Nev. Rev. Stat. § 14.065); *Boschetto*, 539 F.3d at 1015.

Under these standards, a defendant must generally have "certain minimum contacts" with the forum state before personal jurisdiction will be established. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction may be established in one of two ways—"general jurisdiction

and specific jurisdiction." *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–414 (1984). General jurisdiction is properly exercised only when "a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Menken v. Emm*, 503 F.3d 1050, 1056–57 (9th Cir. 2007). Here, Plaintiff pleads no facts in support of the conclusion that Defendants' contacts with Nevada are sufficient to establish general jurisdiction. ECF No. 1-2. In fact, Plaintiff fails to assert any claims at all regarding Defendants' relationship with the State of Nevada. *Id*.

A review of specific jurisdiction also does not save Plaintiff's Complaint. Specific jurisdiction is "jurisdiction based on the relationship between the defendant's forum contacts and plaintiff's claims." *Menken*, 503 F.3d at 1057. "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Again, Plaintiff alleges no facts establishing specific jurisdiction over Defendants.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**V.    RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-2) be DISMISSED without prejudice so that Plaintiff may bring her claim in a court that has jurisdiction over the parties.

Dated this 1st day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).